UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | } | |
| | } | |
| TERRY JOE LINDSEY, | } | Bankruptcy Case No. |
| | } | 12-40924-JJR13 |
| Debtor. | } | |
| TERRY JOE LINDSEY, | } | |
| Plaintiff, | } | |
| VS. | } | Adversary Proceeding No. |
| | } | 12-40034-JJR |
| GMAC MORTGAGE, LLC, | } | |
| Defendant. | } | |

CONSENT DECREE

     The above styled adversary proceeding has come before the Court on the joint motion of the parties thereto to enter as the final order in said adversary proceeding this Consent Decree. The Stipulation and proposed Consent decree (AP Doc. 6) were served on all creditors and parties in interest in both this adversary proceeding and the underlying main bankruptcy case. Inasmuch as the compromise and settlement covered by this Order only affects the immediate parties to this adversary proceeding, and does not have an impact on any other parties in interest, and for other good cause shown, the Court directs that the notice and opportunity for a hearing otherwise required by Bankruptcy Rule 2002(a)(3) shall not be sent. Upon consideration of the pleadings in the adversary proceeding, the stipulations of the parties hereto, and upon the express request of said parties, it is hereby ORDERED as follows:

     1. That, for purposes of the Plaintiff/Debtor's Chapter 13 case and plan, and the claim in said Chapter 13 case of GMAC Mortgage, LLC, secured by a second mortgage on the Debtor's residential real property (said mortgage appearing of record in Mortgage Book 0593, beginning at Page 025, Probate Office, Cherokee County, Alabama), said second mortgage and the lien thereof shall be, and the same is hereby stripped off, and said claim of GMAC Mortgage, LLC shall be treated as a general non-priority unsecured claim.

     2. That, effective upon entry of discharge in the Plaintiff/Debtor's above styled Chapter 13 bankruptcy case, the second mortgage lien of GMAC Mortgage, LLC, evidenced by a mortgage appearing of record in Mortgage Book 0593, beginning at Page 023, Probate Office, Cherokee County, Alabama, shall be avoided without further order pursuant to 11 U.S.C. section 506(d); provided, however, that the Court reserves jurisdiction to consider if appropriate the avoidance of the lien of said second mortgage prior to entry of a discharge under 11 U.S.C. section

1328(a).

3.  In the event the Plaintiff/Debtor's above styled Chapter 13 bankruptcy case is dismissed or converted to chapter 7, the lien of said second mortgage shall not be affected by this Order in accordance with 11 U.S.C. sections 349(b)(1)(C) or 348(f)(1)(B) as applicable. Except as provided in Paragraph 2 above, the lien of GMAC Mortgage, LLC's second mortgage will only be stripped upon the Plaintiff/Debtor receiving a Chapter 13 bankruptcy discharge in the above styled Chapter 13 case.  If the Plaintiff/Debtor's above styled Chapter 13 case is dismissed for any reason or converted to case under another chapter, the said second mortgage lien of GMAC Mortgage, LLC shall be fully reinstated and deemed completely valid.

4.  The Clerk is directed to CLOSE this adversary proceeding.

So Ordered:  October 16, 2012

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

Approved as to Form:

 /s/  Robert D. McWhorter, Jr.
Attorney for Plaintiff

 /s/  Thomas G. Tutten, Jr.
Attorney for Defendant

This Order prepared by:  R. D. McWhorter, Jr., Attorney at Law

Case 12-40034-JJR    Doc 7    Filed 10/16/12    Entered 10/16/12 13:51:20    Desc Main
Document      Page 2 of 2